United States District Court
Southern District of Texas
**ENTERED**
March 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-00129 |
| | § | |
| YELLOWJACKET OILFIELD | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's "Motion for Summary Judgment on Release Issue" (D.E. 14). In that motion, Defendant seeks to apply the common law doctrine of tender-back to support its argument that Plaintiff has ratified his participation in the court-approved settlement in the *Juarez* case (*Juarez v. Yellowjacket Oilfield Services, LLC*, 2:15-cv-329 (S.D. Tex. April 25, 2016)) by failing to tender the amount Plaintiff received in connection with that settlement. D.E. 14, p. 10 (citing *Wiley v. Mitchell*, 106 Fed. Appx. 517, 521-22 (8th Cir. 2004) (addressing state law claim of fraud in connection with a real estate transaction)).

Plaintiff's response did not address this argument or any argument of ratification. D.E. 15. Defendant re-urged it in its reply. D.E. 18, p. 8. In support, it cited two cases applying the doctrine to state law claims,[1] two cases involving class action issues under

---

[1] *Smith v. Stericycle, Inc.*, 538 F. Supp. 2d 960, 968 (W.D. Tex. 2008) (addressing a state law declaratory judgment claim related to contract rights) and *Paradowski v. Tomball Texas Hosp. Co., LLC*, No. CIV.A. H-13-1621, 2013 WL 4459558, at *4 (S.D. Tex. Aug. 16, 2013) (addressing state law fraudulent inducement claims).

Federal Rule of Civil Procedure 23,[2] and one FLSA case that also involved the fact that union representatives had authority to bind the plaintiffs to the settlement.[3]

This Court's independent research has revealed a line of cases in which the concepts of tender back and ratification are inapplicable to federal remedial statutes, such as the Age Discrimination in Employment Act and Older Workers Benefits Protection Act. *See e.g., Long v. Sears Roebuck & Co.,* 105 F.3d 1529, 1539-40 & n.17 (3d Cir. 1997); *Oberg v. Allied Van Lines*, 11 F.3d 679, 683 (7th Cir.1993) (citing *Hogue v. Southern R. Co.*, 390 U.S. 516 (1968) (Federal Employers' Liability Act claim)). Cases do, however, sometimes distinguish FLSA principles from the release and waiver issues in those cases. The Court asks whether tender back and ratification apply under the particular circumstances presented by the FLSA.

To ensure a fair opportunity to be heard on this issue, the parties are ORDERED to brief this issue, addressing in part Fifth Circuit treatment of FLSA release parameters. Defendant is ORDERED to file its brief on or before April 5, 2017 and Plaintiff is ORDERED to file his brief on or before April 19, 2017. The briefs may not exceed 7 pages.

ORDERED this 22nd day of March, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[2] *Penson v. Terminal Transp. Co*., 634 F.2d 989, 994 (5th Cir. 1981) (regarding a claim of racial discrimination and a consent decree) and *Lipnicki v. Meritage Homes Corp*., No. 3:10-CV-605, 2014 WL 923524, at *16 (S.D. Tex. Feb. 13, 2014) (also relying on Fifth Circuit precedent permitting private settlements of FLSA cases).

[3] *Martin v. Spring Break '83 Prods., L.L.C*., 688 F.3d 247, 256 (5th Cir. 2012).