IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**VICTOR MORGAN**                                                                    **PLAINTIFF**

vs.                                    No. 2:16-cv-129-NGR

**YELLOWJACKET OILFIELD SERVICES, LLC**                              **DEFENDANT**

## PLAINTIFF'S BRIEF REGARDING RATIFICATION AND TENDER BACK DOCTRINES UNDER THE FLSA

### I.      INTRODUCTION

Victor Morgan does not have to tender back any wages he has already been paid by his former employer to in order to buy the right to assert a claim for his remaining unpaid wages.  Because the Fair Labor Standards Act ("FLSA") is a remedial statute that creates an unwaiveable right to minimum wages and proper overtime pay, common law concepts such as ratification and tender back are inapplicable to Mr. Morgan's claims and to any alleged release of those claims.

### II.      ARGUMENT

**A. The Doctrines of Ratification and Tender Back Have No Application to FLSA Claims and Releases.**

Defendant cites Oubre v. Entergy Operations, 522 U.S. 422 (1998), as the Supreme Court's most complete discussion of the interaction between federal remedial statutes and the common law of contract. Although Oubre was decided under the Age

Discrimination in Employment Act ("ADEA"), Plaintiff agrees that its conclusions apply with equal force to the Fair Labor Standards Act ("FLSA") claims at issue here because the Supreme Court has discussed the two statutes in nearly identical terms. Compare Oubre, 522 U.S. at 427 ("An employee may not waive an ADEA claim unless the employer complies with the statute.") (internal quotation marks omitted) with Barrentine v. Ark.-Best Freight Sys., 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute.") (internal quotation marks omitted).

Oubre stands for the proposition that where a federal statute "sets up its own regime for assessing" whether a release is valid and enforceable, that regime displaces common-law concepts such as ratification and tender back. Oubre, 522 U.S. at 427. Defendant asks the Court to read Oubre to mean that ratification and tender back still apply to valid releases, just not to invalid releases, but Defendant's interpretation does not stand up to logic.

Because Defendant has raised release as an affirmative defense to Mr. Morgan's claim, Defendant bears the burden of proving that the release is valid.  If, as Defendant asserts, the doctrines of ratification and tender back apply where the asserted release is valid, Defendant is effectively asking the Court to presume the release's validity and require Mr. Morgan to "buy" the right to disprove Defendant's affirmative defense by tendering back any payments he received from Defendant. That is obviously not what the Oubre court intended when gave the following reason why the tender back rule should not apply in the context of remedial statutes:

> In many instances a discharged employee likely will have spent the monies received and will lack the means to tender their return. These realities might tempt employers to risk noncompliance with the OWBPA's waiver provisions, knowing it will be difficult to repay the monies and relying on ratification. We ought not to open the door to an evasion of the statute by this device.

Id. at 427. Defendant cannot set up the tender back doctrine as a barrier between Mr. Morgan and his statutory rights.

The plain meaning of Oubre is that under statutes that limit waivers and releases, those statutes, instead of common law, govern any alleged releases. Because the FLSA has its own standards for evaluating settlement agreements and releases, see Bodle v. TXL Mortg. Corp., 788 F.3d 159, 162-63 (5th Cir. 2015); Rodriguez v. Stage 3 Separation, LLC, No. 5:14-CV-00603-RP, 2015 U.S. Dist. LEXIS 186251, at *5 (W.D. Tex. 12/23/2015), the common law simply does not apply in this FLSA case.

### B.  The Release Alleged by Defendant is Invalid.

Even if one were to accept, *arguendo*, Defendant's narrow reading of Oubre, ratification and tender back would not apply here. Defendant acknowledges that ratification and tender back cannot apply to agreements that are invalid in the first instance, and the alleged release touted by Defendant is invalid for at least two reasons.

First, as discussed in Plaintiff's Response to Motion for Summary Judgment, ECF No. 15 at 4-7, a purported release of FLSA claims is invalid unless and until the court determines that it resulted from a fair and reasonable compromise of a bona fide dispute. Because Defendant has not produced evidence from which this Court can determine whether its alleged settlement agreement was a fair and reasonable

resolution of Mr. Morgan's claim, there exists a disputed question of fact regarding the validity of the agreement and summary judgment is improper. Plaintiff submits that the fact that the "agreement" was reached without the participation of Plaintiff's counsel is a significant strike against its validity. See Quintanilla v. A & R Demolition, Inc., No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *10-11 (S.D. Tex. 5/7/2008) (FLSA settlement approved where "[t]he parties were represented by experienced counsel [and t]he settlement was reached through arms-length negotiations.").

Second, Defendant's alleged agreement is invalid because it resulted from Defendant's improper contact with Mr. Morgan.  Defendant glosses over the fact that it obtained Mr. Morgan's alleged release after Mr. Morgan served this lawsuit and without notifying Mr. Morgan's counsel. See Pl.'s Response to Def.'s Mot. for Summ. J. at 3, ECF No. 15. The situation before this Court is unprecedented in that Plaintiff's counsel have been unable to find any reported case in which an employer tried to rope a former employee into a collective wage settlement *after* the employee filed and served an individual lawsuit. However, several courts have considered analogous situations in which employers tried to head off pending litigation by improperly obtaining employees' signatures on waivers. In Billingsley v. Citi Trends, Inc., for example, the defendant employer reacted to an FLSA collective action by having its employees sign mandatory arbitration agreements. 560 F. App'x 914, 918 (11th Cir. 2014). When the employer tried to raise the arbitration agreements as a defense against employees who attempted to join the collective action, the Billingsley court held the agreements to be invalid and unenforceable because they resulted from improper communication with potential

litigants. Id. at 922. Billingsley is just one of a long line of cases that similarly invalidated agreements that resulted from improper communications with litigants. See Id. at 922-23 (collecting cases); Jimenez v. Menzies Aviation Inc., No. 15-cv-2392-WHO, 2015 U.S. Dist. LEXIS 108223, at *15-16 (N.D. Cal. 8/17/2015) (collecting cases).

If courts routinely invalidate waivers that employers obtain from employees who are merely *potential* claimants in FLSA collective actions, this Court has all the more reason to invalidate the release that Defendant improperly obtained from Mr. Morgan, who had *already served* an FLSA lawsuit on Defendant. Because the release is governed by the strict requirements applicable to any release of FLSA claims, and because the release is invalid under the FLSA, the common-law doctrines of ratification and tender back cannot apply.

### III.    CONCLUSION

Defendant is asking the Court to analogize Mr. Morgan's situation to cases in which an employee signed a valid release of claims, then sued over those claims in spite of the release. But that is not what happened here at all. Mr. Morgan, through counsel, asserted claims against Defendant that had never been the subject of any release. *Afterward*, Defendant mailed Mr. Morgan a check with purported release language printed on the back. Now that Mr. Morgan has accepted the check, Defendant wants this Court to endorse its trick by dismissing Mr. Morgan's lawsuit.  But, for the reasons discussed above, the FLSA will not abide that unfair result. Therefore, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,

**PLAINTIFF VICTOR MORGAN**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:     */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com


## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing RESPONSE has been electronically filed with the Clerk for the U.S. District Court, Southern District of Texas, Corpus Christi Division, using the Electronic Case Filing system of the Court, and that the attorneys listed below are registered to receive from the Clerk of the Court an electronic copy thereof:

Mary Michelle Mahony, Esq.
MUSKAT, MARTINEZ & MAHONY, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone: (713) 987-7850
Facsimile: (713) 987-7854
mmahony@m3law.com

                        */s/ Josh Sanford*
                        **Josh Sanford**