Case 2:16-cv-00129   Document 31   Filed in TXSD on 06/12/17   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
June 12, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VICTOR MORGAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-129 |
| § | |
| YELLOWJACKET OILFIELD § | |
| SERVICES, LLC, § | |
| § | |
| Defendant. § | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff, Victor Morgan (Morgan) filed this action against his former employer, Yellowjacket Oilfield Services, LLC (YJOS), alleging violation of the Fair Labor Standards Act (FLSA) for failure to pay overtime compensation for all hours worked over 40 in a workweek.  Before the Court is YJOS's Motion for Summary Judgment on Release Issue (D.E. 14), claiming that Morgan previously settled and released his FLSA claim in connection with another case against YJOS:  *Juarez vs. Yellowjacket Oilfield Services, LLC*, No. 2-15-cv-329 (S.D. Tex. October 31, 2016) (Ramos, J.) (*Juarez*).  Also before the Court are Morgan's response (D.E. 15), YJOS's reply (D.E. 18), and each party's supplemental brief on the ratification and tender-back rule (D.E. 27, 30).  For the reasons set out below, the motion for summary judgment (D.E. 14) is DENIED.

### FACTS

**Employment and Filing of *Juarez* and *Morgan* Actions**.  YJOS employed Morgan as a mixing plant operator from April 10 to June 13, 2014.  D.E. 14-1.  According to YJOS, he worked a total of six days in the field during that time.  *Id*.

1 / 11

Morgan claims 40 to 60 hours of unpaid overtime. D.E. 15, p. 9. On July 31, 2015, co-worker Jonathan Juarez filed his FLSA case against YJOS as a collective action. D.E. 14-2. While the *Juarez* case was pending, on April 19, 2016, Morgan filed this case in his individual capacity only. D.E. 1.

*Juarez* **Settlement**. Soon after Morgan initiated this case, on April 25, 2016, the parties in *Juarez* filed a motion for a stipulated judgment based upon a settlement agreement, which this Court approved the same day. D.E. 14-3. *See also*, *Juarez*, D.E. 36. Pursuant to the *Juarez* agreement, a settlement class was formed that included Morgan within its scope, should Morgan agree to opt in. D.E. 25. Putative members of the settlement class were to be given the option of joining in the settlement through a notice and claim form. If they agreed, they would receive a payment calculated pursuant to the negotiated, agreed-upon, and court-approved formula. *Id*.

**Notice of the *Morgan* Action**. Morgan's lawsuit was served upon YJOS after the *Juarez* settlement was approved. On May 20, 2016, YJOS filed its answer in Morgan's case, which was silent on any issue related to a settlement, accord and satisfaction, or release. There is no evidence that Morgan's counsel was aware of any settlement of the *Juarez* case or that the scope of its settlement class included Morgan.

**YJOS Solicits Morgan's Settlement Through *Juarez***. With or without YJOS's knowledge of Morgan's pending litigation, the third-party claims administrator for the *Juarez* settlement, ILYM Group, Inc. (ILYM), proceeded with settlement administration. While the specific date is not clear from the record, ILYM sent a notice of settlement to YJOS's employees, including Morgan, sometime before June 1, 2016. D.E. 18, pp. 24,

29. The notice of settlement—which had been submitted to the *Juarez* Court for approval and bore the *Juarez* case caption—informed employees that a settlement had been reached on FLSA claims, that the Court had approved the settlement, and that the employees were entitled to participate as "class members." *Id*.

The notice stated that recipients had two options: "(1) participate in the Settlement and receive a Settlement Payment by returning a Settlement Claim Form; (2) do nothing and receive no compensation." *Id.*, p. 25. Attached to the notice of settlement was a settlement claim form. *Id*., p. 22. The settlement claim form told employees their estimated settlement amount and that by signing and dating the form, they would become eligible to receive payment. *Id*. Further, it stated that by signing, an employee agreed to "waive, release, and discharge any and all claims . . . including but not limited to . . . relief arising under the FLSA." *Id*., p. 23. Employees that signed agreed "to be bound by the judgment entered in this case" and affirmed that they were "consenting to joining the above-captioned lawsuit." *Id*. They were instructed that, if they had questions, they should contact ILYM or "Class Counsel"—attorneys for plaintiffs in the *Juarez* action. D.E. 14-4, p. 6.

ILYM has demonstrated that as of June 1, 2016, it received a settlement claim form, bearing a signature that purports to be that of Victor Morgan and which YJOS attests matches Morgan's signature on other YJOS employee paperwork. D.E. 14-4, p. 6; D.E. 15-2; D.E. 18, p. 30. Morgan denies that he received the settlement notice and signed any claim form. D.E. 15-2. However, it is undisputed that his attorney had no

contemporary notice of the solicitation of Morgan's settlement through the *Juarez* case. D.E. 15-1.

**Morgan's Counsel Objects**. On or about June 30, 2016, YJOS informed Morgan's counsel that it had received a *Juarez* claim form purportedly signed by Morgan and it was taking the position that Morgan had agreed to settle his claim. D.E. 15-1, p. 2. D.E. 15-1, p. 2. Morgan's counsel responded that YJOS was to cease making direct contact with his client and should send any additional communications on the matter, including any settlement checks, only to counsel. D.E. 15-1, p. 2. Acknowledging counsel's directive, YJOS claims that it informed ILYM so as to comply and ILYM confirms that communication. D.E. 14-4, p. 9; D.E. 18, p. 20.

**YJOS Persists**. Regardless, on July 18, 2016, without a fully consummated settlement, YJOS amended its answer in this case to plead accord and satisfaction, waiver and release, and estoppel. Thereafter, on September 16, 2016, despite being instructed to send Morgan's check to his attorney and because of a defect in the automated computer program used, ILYM inadvertently sent the check in the amount of $1,058.10 directly to Morgan, bypassing his counsel. D.E. 14-4, p. 9; D.E. 18, p. 20. The back of the check stated that, by accepting payment, the recipient accepted the settlement terms and agreed to waive and release all claims against YJOS. *Id*.

It is undisputed that Morgan indorsed the check, cashed it, and retains the proceeds to this day. D.E. 15-2, p. 2. After the *Juarez* settlement was fully consummated and final judgment was entered, on November 7, 2016, YJOS filed its motion for summary judgment in this action. In that manner, Morgan's counsel learned that YJOS

had gone forward, sending Morgan a *Juarez* settlement check in a manner contrary to acknowledged instructions regarding this pending litigation.  Responding to the summary judgment motion, Morgan attests that he cashed the settlement check under the mistaken impression that it was coming from his own attorney, it was his because it bore his name, and that he did not know that he was giving up any claims he had asserted in his lawsuit. D.E. 15-2.

At no time has Morgan, or anyone else, taken any action to nullify, rescind, invalidate, or appeal the *Juarez* judgment or Morgan's alleged participation in that judgment.  And Morgan has not tendered his *Juarez* settlement proceeds back to YJOS. By the same token, Morgan did not file with the Court a consent to join in the *Juarez* action.  And YJOS seeks to capitalize on ILYM's mistake, claiming the benefit of an alleged settlement made by bypassing Morgan's counsel on pending litigation and remaining silent until after entry of final judgment in the *Juarez* case.

## DISCUSSION

YJOS seeks a summary judgment on its affirmative defense:  that Morgan consented to the settlement of his claims through the *Juarez* case and accepted the benefits of that settlement, releasing his claims.  In its briefing, YJOS acknowledges that private, unsupervised FLSA settlements that waive an employee's right to wage and hour compensation are generally unenforceable.

> Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an

>employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

*Lynn's Food Stores, Inc. v. United States By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982). YJOS claims to have met the enforceability threshold by this Court's approval of the *Juarez* settlement.

The flaw in YJOS's analysis is that, prior to the *Juarez* settlement, Morgan had already submitted his claim to this Court in the context of his own FLSA action. Morgan filed this case on April 19, 2016. While the *Juarez* case was filed earlier—on July 31, 2015, the peculiarities of the collective action are such that Morgan's claim was not submitted unless and until he consented to join the *Juarez* action. YJOS's best case scenario is that Morgan joined the *Juarez* case on June 1, 2016. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). This assumes without deciding that Morgan did sign the disputed settlement claim form and that his consent to join was filed of record in the *Juarez* case.

Because Morgan's alleged participation in the *Juarez* collective action case came after the filing of his own individual case, the individual case governs. Two principles counsel in favor of that conclusion: the first-filed rule and the rule against claim-splitting. "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin.*

*Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).  Under the first-to-file rule, Morgan's individual action required a discretionary determination by this Court in this case whether Morgan's claim in the *Juarez* case could proceed and govern his claim.  The first-filed court takes priority and determines whether the second case must defer "[b]y virtue of its prior jurisdiction over the common subject matter . . . ."[1]  *Mann Mfg. Inc.,* at 408.

Likewise, "[T]he rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Hearn v. Bd. of Supervisors of Hinds Cty., Miss.*, No. 3:12CV417–CWR–FKB, 2013 WL 1305586, at *2–*3 (S.D. Miss. Mar. 27, 2013), *aff'd*, (July 8, 2014) (quoting *Ameritox, Ltd. v. Aegis Sciences Corp.*, No. 3:08–cv–1168, 2009 WL 305874, *4 (N.D. Tex. 2009) (citations omitted)).  In a claim splitting scenario, the second suit will be barred if it involves the same parties and same transaction or series of transactions. *Id*.

Both rules (first-to-file and claim-splitting) recognize that jurisdiction attaches in the first case.  Along with that, the plaintiff—Morgan—invokes his due process rights, including the right to be represented by counsel of his choice.  "[T]he right to counsel is one of constitutional dimensions and should thus be freely exercised without impingement." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980)

---

[1] While the first-to-file rule usually involves different courts and principles of comity, giving priority to the first-filed case has been applied to cases filed in the same court. *Plaquemines Holdings, LLC v. CHS, Inc.*, No. CIV.A. 11-3149, 2015 WL 5012918, at *7 (E.D. La. Aug. 20, 2015).

(recognizing a civil litigant's right to counsel under Fifth Amendment due process principles). By including Morgan in the *Juarez* collective action settlement class, YJOS defied the Court's jurisdiction in this case and ignored Morgan's selection of counsel. In effect, it replaced Morgan's selected counsel in his own case with Class Counsel in *Juarez* for purposes of claiming that the settlement complied with the FLSA's requirement that settlements be supervised.

YJOS impinged on this Court's jurisdiction and Morgan's right to counsel knowingly. It had been served with this action prior to consummation of any settlement. Morgan's counsel had expressly invoked Morgan's right to have his claim adjudicated in due course in this action and YJOS had tacitly agreed to this preservation of Morgan's claim, acknowledging its instructions to ILYM. It does not matter that YJOS may have achieved Morgan's purported consent to the *Juarez* settlement through ILYM's inadvertent error. YJOS is now standing on a signature that it concedes was improperly obtained and Morgan's negotiation of a check it concedes ILYM should not have sent to Morgan.

While the common law principles of ratification and tender-back will apply in certain circumstances to permit enforcement of an agreement achieved through improper means, YJOS has not demonstrated that those principles can be used to defeat jurisdiction and constitutional rights.[2] Conduct that takes place between the parties outside the

---

[2] The common law tender-back/ratification rule has been described as eliminating complaints about flawed agreements as follows:

> Even if a release is tainted by misrepresentation or duress, it is ratified if the releasor retains the consideration after learning that the release is voidable. A person who signs a release, then sues his or her employer for matters covered under the release, is obligated to return the consideration.

purview of the Court may trigger a common law stamp of approval. But conduct that interferes with the Court's jurisdiction and the parties' due process rights in the case before the Court cannot be permitted.

"The inherent powers of the federal courts are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). *See also* 28 U.S.C. § 1927; Fed. R. Civ. P. 11. Particularly here, where the FLSA requires supervision of settlements, an employer should not be permitted to make an end run around this Court and this case by improperly soliciting participation in a settlement related to a different case—whether or not in the same court.

YJOS has acknowledged that the ratification and tender back argument cannot revive a settlement that fails to comply with statutory requirements, such as those of the FLSA. D.E. 27, p. 2 (citing *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 424 (1998)). Neither does it purport to apply that common law duo in that way. D.E. 27, p. 3.[3] The Court's determination that the *Juarez* settlement cannot overcome the fact that, prior to that settlement, Morgan put YJOS on notice that it intended to seek its own remedies in this case, is consistent with *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159 (5th

---

Offering to tender back the consideration after obtaining relief in the lawsuit would be insufficient to avoid a finding of ratification.

*Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 937 (5th Cir. 1994) (enforcing releases of federal Worker Adjustment and Retraining Notification Act claim); *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 322 (5th Cir. 2003) (FMLA case, quoting *Williams v. Phillips Petroleum*).

[3] Instead, it advocates those principles to overcome Morgan's denial that he signed the settlement claim form. *Id.*

Cir. 2015) (refusing to enforce a broad release in a separate action to bar FLSA claims), *Bryant v. United Furniture Industries, Inc.*, 2016 WL 2904909 (N.D. Miss. May 18, 2016) (refusing to enforce settlement in separate case in which the fact issues related to FLSA claims were not subjected to discovery), and *Branson v. Pulaski Bank*, 2015 WL 139759 (W.D. Mo. Jan. 12, 2015) (refusing to interpret state court settlement as disposing of FLSA claims in federal case because discovery and full analysis of the strength of FLSA claims had not occurred in the federal case with jurisdiction over them).  Nothing about the *Juarez* settlement informed Morgan that he was relinquishing his own filed claim without his attorney's knowledge.  Failing to advise him of that takes advantage of the unequal bargaining power between employer and employee.

Therefore, the Court finds that Morgan had invoked this Court's jurisdiction in this case prior to any purported settlement through *Juarez* and had a due process right to prosecute his claims using his own counsel.  Because this case has priority over *Juarez* for purposes of Morgan's claim, any court approval of the *Juarez* settlement was moot with respect to Morgan's claim.  YJOS improperly solicited Morgan's consent to the *Juarez* settlement and the consent so obtained is tainted.  The ratification and tender back doctrines do not substitute for proper court approval of any settlement of Morgan's claim.  Thus YJOS has not demonstrated that it is entitled to summary judgment on any release associated with the *Juarez* settlement.

## CONCLUSION

For the reasons set out above, the Court DENIES YJOS's motion for summary judgment (D.E. 14).  The Court defers for later consideration any other remedy that may

be claimed with respect to credit for, or return of, the settlement funds Morgan currently retains from the *Juarez* settlement.

    ORDERED this 12th day of June, 2017.

                                                   _____
                                                   NELVA GONZALES RAMOS
                                                   UNITED STATES DISTRICT JUDGE